PeARSOet, J.
We think the property mentioned in the first item is divided into two classes. The three negro women, household, kitchen furniture and farming utensils, are given to the wife during her widowhood. The mare and colt, stock and crop, are given to her absolutely. In reference to this point, there is nothing to control the express limitation, u during her widowhood.” The nature of the property will readily suggest the reason for making a difference. The one is of a nature to last some tune — the other is perishable. This disposes of the construction contended for, by the defendants, that the widow took an absolute estate in the negroes, the only property now in controversy.
The plaintiff insisted, that, under the third item, the remainder in the negro women and their children, after the widow’s life estate is to be equally divided between the children of the testator or their representatives. The division is to be made, not between all of his children, for whose support he had just provided, but between his “lawful heirs” The word heirs is not appropriate to the- disposition of personal property, and when used in reference to it, means those who take by law or under the Statute of Distribution. This is the rule when there are no other words to give it a different meaning; here, the other words fix that to he the meaning, for it is put in opposition to “ children.” 2 Will’s Ex. 726.
The widow was entitled to one seventh part of the three negro women and their children. This will be declared to bo the opinion of the Court.
The prayer is for partition, as among tenants in common, but the bill discloses the fact, that the defendant Watlington holds one of the women and her children, under a purchase *118 of the absolute estate, from the widow, and Watlington, in his answer, sets up title to them in severalty. This question must bo disposed of before a decree for partition can be-made,' for this Court cannot take jurisdiction, unless the-parties are tenants in common. The bill seems to have been hastily drawn, and the cause is set down for hearing on bill and answer, by which the allegation cf a claim in severalty, on the part of the defendant Watlington, to a part of the-claims, is admitted. Upon a suggestion that the main object of the parties is to get a construction of the will, in regard to the rights of the widow, the Court makes the declaration as above, and the cause is retained for further directions. The parties may moye hereafter as they arc-advised.
We give no opinion as to the rights of the parties upon a snb-division of the shares of the deceased children. The bill in that particular is multifarious.
. Decree accordingly*